SCANNED Case 3:23-cv-01585-VAB    Document 1    Filed 12/05/23    Page 1 of 21
and Emailed
12/5/23 by (S V) 28 pages
date    initials    No

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Jason Vaughn
_____

_____

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.  If you do not know a name, write "John Doe" or "Jane Doe."  Include the defendant's rank or title if you know it. Do not use **et al.**]

Warden Kristin Baron
_____

Correctional Officer Shanley
_____

~~Correctional Officer~~ ℗ Cuhon
_____

Correctional Officer Cuervo
_____

Correctional Officer John Doe 1
_____

Correctional Officer John Doe 2

Liutenant John Doe 3

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

**A. JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.  There are two possibilities.  Check one.

I can bring my complaint in federal court because I am suing:

1.  _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2.  _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

**B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)**

If there is more than one plaintiff, attach additional pages.  Provide items a, b, and c for each plaintiff.

1.  First Plaintiff
    a.  Full Name: ~~Christopher Aspron~~ Jason Vaughn

    b.  Inmate Number: 292549

    c.  Correctional facility: Mac Dougall Correctional Instution

**C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)**

If you are suing more than six defendants, attach additional pages.  Provide items a, b, and c for each defendant.

1.  First Defendant
    a.  Full Name: Kristin Baron

    b.  Rank or Title: Warden

    c.  Workplace: MacDougall C.I.

*Revised 12/13/18*

2. Second Defendant
   a. Full Name: Correctional officer Shanley

   b. Rank or Title: C.O.

   c. Workplace: MacDougall C.I.

3. Third Defendant
   a. Full Name: Correctional officer Cuervo

   b. Rank or Title: Intelligence officer

   c. Workplace: MacDougall C.I./Walker C.I.

4. Fourth Defendant
   a. Full Name: John Doe

   b. Rank or Title: C.O.

   c. Workplace: Walker C.I.

5. Fifth Defendant
   a. Full Name: John Doe

   b. Rank or Title: C.O.

   c. Workplace: Walker C.I.

6. Sixth Defendant
   a. Full Name: John Doe 3

   b. Rank or Title: Liutenant

   c. Workplace: Walker C.I

## D. REASON FOR COMPLAINT

**WARNING:  Contact Inmate Legal Aid Program.  Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.  If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis.  To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.**

*Revised 12/13/18*

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

*Revised 12/13/18*

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1.


2. SEE ATTACHMENT


3.


4.

*Revised 12/13/18*

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

E.    **REQUEST FOR RELIEF**

Tell the court what kind of relief you want.  **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a courtappointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.  For any of these, you must request a Writ of Habeas Corpus.

*Revised 12/13/18*

**F.     DO YOU WISH TO HAVE A JURY TRIAL?  YES  ✓  NO____**

**G.     DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at _____  on  _____
                          (Location)                                                 (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.  **The complaint cannot be filed without a signature from each plaintiff.**

**H.     FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

       1.     Answer all questions on the complaint form.

       2.     Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 12/13/18*

ATTACHMENT    A

Statement of Facts

## I. Failure to Protect

**1.** On April 21, 2022, the Plaintiff was assaulted by three inmates in the recreation day room because Defendants Shanley, Cuervo, John Doe 1 and John Doe 2 placed the handcuffs on these three inmates so loosely and improperly that these inmates were able to slip out of the handcuffs.

**2.** When these inmates slipped out the handcuffs they assaulted the Plaintiff with the metal handcuffs on his head and face causing lacerations.

**3.** The whole time Plaintiff was in handcuffs and had to take the beating while the Defendants Shanley, Cuervo, John Doe 1 and John Doe 2 watched and did not intervene until the Plaintiff was bleeding from his head.

**4.** After the assault the Plaintiff was reviewed by the medical staff whom determined that Plaintiff had to go to an outside hospital for care and treatment. The outside hospital gave Plaintiff four stitches to his head.

**5.** From this incident the plaintiff suffers from headaches and a swollen left eye which he is still receiving treatment for.

## II. Excessive Force

6. Plaintiff incorporates the allegations in paragraphs 1 through 5 herein.

7. From this incident the Plaintiff was sprayed with chemical agents.

8. Defendant John Doe 3 sprayed the plaintiff with chemical agents while he was already in a prone position on the floor handcuffed and subdued. The chemical agents caused Plaintiff burning of the eyes, coughing, wheezing, and burning of the lungs. The Plaintiff is also asthmatic and the chemical agents aggravated the plaintiff's condition.

## III. Failure to Train and Supervise

9. Defendant Baron was the Warden at MacDougall and Walker CI.

10. Defendant Baron failed to properly train and supervise Defendants Shanley, Cuervo, John Doe 1 and John Doe 2 in applying handcuffs on inmates. Because Defendant Baron failed to properly train and supervise Defendants Shanley, Cuervo, John Doe 1 and John Doe 2 in applying handcuffs on inmates it caused inmates to slip out the handcuffs and assault inmates like the Plaintiff.

# IV. Prayer For Relief

Wherefore Plaintiff prays for relief as follows:

11. Monetary damages in the amount of three million dollars against all Defendants in their individual capacities for Plaintiff's injuries suffered.

By: Jason Vaughn

ATTACHMENT B

 

# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### MacDougall-Walker Correctional Institution

October 5, 2022

Vaughn, Jason # 292549
Hartford CC

Inmate Vaughn,

MacDougall-Walker Correctional Institution grievance office received an Inmate Grievance Appeal Form – Levels 2 on 10/5/2022 which was forwarded by the Administrative Remedies Coordinator at Hartford Correctional Center. This form filed by you was in an attempt to file a level two grievance appeal regarding grievance number 137-23-009 alleging that you never received a response to Inmate Grievance Form- Level 1. However, a disposition was rendered on 7/28/2022 (see attached). As indicated on the CN9602 Inmate Grievance Form Level 1, the Unit Administrator's decision is not subject to further appeal. Therefore, this Inmate Grievance Appeal Form- Level 2 is being returned to you as you filed improperly.

Administrative Remedies Coordinator,
Counselor Bennett

1 of 3



# Inmate Grievance Form- Level 1
## Connecticut Department of Correction

CN 9602
REV
04/30/2021

Facility/Unit: **Hartford**                              Date: **6-02-22**

Inmate name: **Jason Vaughn**                    Inmate number: **292549**

**(LIMITED ISSUE)**

- Any inmate who files a grievance must follow all instructions in Section 5 and 6 of Administrative Directive 9.6, "Inmate Administrative Remedies."
- Any grievance which does not follow the instructions identified in the above mentioned sections shall be rejected.

**STATE THE PROBLEM AND REQUESTED RESOLUTION**

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

I went back to walker on 04-14-22 and I told the c/o's and cto martin and counselor Lata, that it was a hit on me and I didn't know where it came from, and they put me in seg right in 9cell so on 04-20-22 capt Roy deliberately put me back in the block and I got jump on 04-21-22. I'm asking that D.O.C give me $5000 dollar for my injuries or I'm suit for more. They didn't respon back.

Inmate signature: *Jason Vaughn*                Date: **06-02-22**

Deposit this form in the "Administrative Remedies" box.

**DECISION (OFFICIAL USE ONLY -- DO NOT WRITE IN THE SPACE BELOW)**

Date Received: **7/6/2022**              IGP #: **137-23-009**

Disposition: **Rejected**                Date of Disposition: **7/28/22**

Reason:
Your grievance was received on 6/29/2022 Within this grievance you are discussing an incident that occurred on 4/21/2022. Per Administrative Directive 9.6 Inmate Administrative Remedies, Section 6 (ii) Filing a Grievance (4); Any CN 9602, Inmate Grievance Form- Level 1, must be filed within 30 calendar days of the occurrence or discovery of the cause of the Grievance. Therefore, your grievance is rejected.

[X] This decision is not subject to further appeal.    [ ] This matter may be appealed within 5 calendar days.

Staff Name Print:

Signature:                                              Date: **7/28/22**

2 of 3

To Copy of Inmate Request.

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV
04/30/2021

Inmate name: Jason Vaughn

Inmate number: 292549

Facility/Unit: Walker C.T

Housing unit: Seg-09

Date: 04-22-22

Submitted to: Dep.warden Maldanado

Request: I came to walker on 04-14-22 and I told the c/o's and cto martin and counselor Luta, that it was a hit on me and I didn't know where it's came from so they place me in seg right in cell 9 cell, So on 04-20-22 Capt Roy deliberately put me back in B-1 knowing it was a hit on me. And on 04-21-22 I was jumped and ended up with lacerations on my head and face due to Inmate's useing their cuff as weapons. I had wrote to papoosha letting him know it was a hit on me and I was not safe in

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):

Title:

Action taken and/or response:

continue on back if necessary

Staff signature:

Date:

3 of 3

ATTACHMENT C



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### *MacDougall-Walker Correctional Institution*
**1153 EAST STREET, SOUTH**
**SUFFIELD, CONNECTICUT  06080**

**Administrative Captain**


To: Inmate Vaughn, Jason #292549

From: Administrative Captain Fleming

Date: 5/18/2022

Re: Preservation of video evidence.


This is in response to your request to preserve video footage. The following disc was secured into evidence:


**MAC-VP-22-520 (B-1 recreation room 4/21/22 12:30p-1:30p)**



*In accordance with Connecticut General Statute, 1-210, b. (18) Any access to the aforementioned videodisc will require a subpoena based on the risks to safety, security and sensitive nature of its contents.*